UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61490-CIV-COHN

RIVERSIDE MEDICAL ASSOCIATES,
d/b/a Ruggiero Sports Medicine and Injury Institute,   Magistrate Judge Snow

    Plaintiff,

vs.

HUMANA, INC., et al,

    Defendants.
_____/

## **FINAL ORDER OF REMAND**

    THIS CAUSE is before the Court upon the Humana Defendants' Motion to Dismiss [DE 2], Plaintiff's Motions to Strike [DE 4], to Remand [DE 5], for Extension of Time [DE 6], for Hearing [DE 7], for Leave to File Amended Complaint [DE's 12 and 22], and for Leave to Amend Motion to Strike [DE 14], as well as Defendant American Whole Health's Motion to Amend Pleadings by Interlineation [DE 21]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

### I.  BACKGROUND

    Plaintiff, a medical provider of services to patients insured by Defendant health insurance companies, brought claims in state court against Defendants for breach of contract, fraud and state RICO claims. Plaintiff had entered into contracts in 2003 with the Humana entities to provide specialist physician services to Defendants' members. In exchange for providing their members with medical services, Humana agreed to pay Plaintiff 70% of the Medicare Fee Schedule or physician's usual and customary charges, whichever is less. Plaintiff had entered into a participating provider

agreement with Defendant American WholeHealth Networks, Inc. ("AWHN") in June of 2004.[1]  Under this agreement, Plaintiff gave a 15% discount off its regular rates to AWHN's members.

Plaintiff alleges that on or about January 1, 2006, Humana and AWHN began paying claims, including claims left from 2005, at a capitation rate of less than $10 per visit.  Plaintiff was unable to continue treatment of patients for that amount and alleges substantial consequential damages resulting from loss of business, in addition to specific damages for payment under the contract.  Defendant asserts that the contracts at issue expired in July of 2005, and Plaintiff was therefore treated as a non-participating provider from that time forward.

Defendant Humana removed the case to federal court on grounds that the insurance contracts were employer provided health benefits and are subject to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA").  Plaintiff moves for remand of the case on the grounds that it is a medical provider, and as such does not have standing under ERISA as a participant or beneficiary.  Plaintiff's suit is based upon its independent contract with Defendants.  Defendant opposes the motion, arguing that because all the services were provided via group plans covered by ERISA, Plaintiff is actually bringing the action as an ERISA assignee in its patients' benefits, and therefore stands in the shoes of the beneficiaries and is subject to ERISA preemption and federal court jurisdiction.

---

[1] American WholeHealth Networks, Inc. has changed its name to Axia WholeHealth Networks, Inc.  See Defendants' Motion to Amend Pleadings by Interlineation [DE 21].

## II.  DISCUSSION

As the parties seeking removal in this case, Defendants have "the burden of producing facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence."  Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir.1998); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir.1994).

Defendants correctly argue that ERISA super-preemption trumps the well-pleaded complaint rule.  Metropolitan Life Ins. Co. v. Taylor,  481 U.S. 58, 66-67 (1987).   A state common law claim for breach of contract is removable if it relates to an ERISA plan.  Four elements are required for complete preemption: 1) there must be a relevant ERISA plan; 2) plaintiff must have standing to sue under that plan; 3) the defendant must be an ERISA entity; and 4) the complaint must seek compensatory relief akin to that available under 29 U.S.C. § 1132(a) (typically this will be a claim for benefits due under the plan).  Butero v. Royal Maccabees Life Insurance Company, 174 F.3d 1207, 1212 (11th Cir. 1999).   The key question is this case is whether Plaintiff, a medical provider, has standing to sue.

The Eleventh Circuit Court of Appeals has stated that while it has "allowed healthcare providers to use derivative standing to sue under ERISA, it has only done so when the healthcare provider had obtained a written assignment of claims from a patient who had standing to sue under ERISA as a 'beneficiary' or 'participant.'" Hobbs v. Blue Cross Blue Shield of Alabama, 276 F.3d 1236, 1241 (11th Cir. 2001).  In Hobbs, the Eleventh Circuit concluded that the district court erred in denying a motion to remand because the health plan had not met its burden of showing that an

3

assignment had occurred.  This Court reads the Hobbs decision as unequivocally requiring a written assignment of ERISA benefits.

In the present case, Defendants have not met their burden of showing the written assignments of claims from the ERISA beneficiaries to Plaintiff provider.  While Defendants argue that Plaintiff refers to certain "HCFA" forms in the Amended Complaint, these forms do not appear in the record.  Plaintiff disputes that these forms, which it considers generic claims forms submitted by Plaintiff to Defendants, constitute valid assignments.  Since these forms are not in the record the Court must give Plaintiff the benefit of the doubt as to whether these forms can be considered assignments of benefits from the patients to Plaintiff, particularly where Defendant bears the burden of showing federal subject matter jurisdiction upon removal.[2]

Turning next to Defendants' argument that the contracts at issue were terminated, the Court looks to the reasoning of Judge Moreno in In re Managed Care Litigation, 298 F. Supp.2d. 1259 (S.D.Fla. 2003).  That case involved various classes of providers suing different insurance carriers.  If the contracts at issue in this case were terminated (an issue this Court does not reach), then Plaintiff would be in the position of a non-participating provider.  For such providers, Judge Moreno concluded:

> In *Lordmann v. Equicor,* 32 F.3d 1529 (11th Cir.1994), the Eleventh

---

[2] The Court has reviewed the entire court file.  While there are extensive "Patient Ledgers" submitted by Plaintiff, these pages do not contain any assignment language.  While Defendant Humana has submitted an affidavit referring to the HCFA forms, again, the forms themselves are not part of the record.  As Defendants are relying upon the HCFA forms for their "provider as assignee" argument, that argument must be rejected for Defendants' failure to meet their burden to show subject matter jurisdiction upon removal.

>Circuit did not preclude the provider plaintiff's secondary claims of fraudulent misrepresentation, even when the Plaintiff had asserted two claims as an assignee. Moreover, other courts in this District have allowed a claim for promissory estoppel to go forward even with the presence of an assignment of plan benefits. *See, e.g., Variety Children's Hospital, Inc. v. Blue Cross/Blue Shield of Florida,* 942 F.Supp. 562, 568 (S.D.Fla.1996). Therefore, Plaintiffs need not necessarily be channeled into the ERISA statutory scheme when simultaneously bringing direct claims in their own right.
>Given the similarity of the allegations to ones previously considered, the Court applies its prior ruling declining to extend the preemptive reach of ERISA to the claims of third-party-providers to the current subclass of non-participating providers who do not hold assignments.

In re Managed Care Litigation, 298 F. Supp.2d. at 1293 - 94.

Therefore, this Court concludes that whether or not Plaintiff was a participating provider, the claims in this case do not fall under ERISA preemption. The Court thus lacks subject matter jurisdiction.[3]

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Humana Defendants' Motion to Dismiss [DE 2] is hereby **DENIED as moot**, given the filing of an Amended Complaint;

2. Plaintiff's Motion to Remand [DE 5] is hereby **GRANTED**;

---

[3] Defendants also assert that seven of the over 100 claims brought by Plaintiff are Medicare claims subject to exclusive federal jurisdiction. See Affidavit of Joyce King, Exhibit 1 to Defendants' Response in Opposition to Plaintiff's Motion to Remand [DE 10]. Defendants do not identify the claims. If it is true that there are seven Medicare patients buried among the 100 or so claims for benefits sought by Plaintiffs, Defendants should separate and identify those claims in state court, and separately remove those claims. Clearly, the state law claims predominate over th federal claims, and even if the Court had jurisdiction over the seven unidentified Medicare claims, pursuant to 28 U.S.C. § 1367(c), the Court would decline to exercise its supplemental jurisdiction over the entire group of claims.

3. All other motions are hereby **DENIED as moot**, given the Court's lack of subject matter jurisdiction;

4. This case shall be **REMANDED** to the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, for lack of subject matter jurisdiction;

5. The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No. 0613471;

6. The Clerk of the Court shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of December, 2006.

JAMES I. COHN
United States District Judge

copies to:

all counsel of record